# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Kenneth William Ebener, Respondent.

Appellate Case No. 2021-000260

Opinion No. 28047
Submitted July 21, 2021 – Filed August 11, 2021

## PUBLIC REPRIMAND

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

S. Jahue Moore, Esquire, of West Columbia, for
Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a confidential admonition or a public reprimand.  We accept the Agreement and issue a public reprimand.  The facts, as set forth in the Agreement, are as follows.

## I.

### Matter A

Respondent was hired by Superior Closing and Title Services, LLC (Superior Closing) to serve as the closing attorney for a home purchase by C.W.  The mortgage loan was funded by 1st Choice Mortgage, and the closing took place on

February 3, 2009.  Respondent was paid $200 by Superior Closing for the work associated with the closing.  Subsequent to the closing, 1st Choice Mortgage sold the loan to Wells Fargo Bank.  On December 8, 2010, Wells Fargo Bank notified 1st Choice Mortgage that a problem existed with the closing of the loan and made a demand that 1st Choice Mortgage repurchase the loan, citing a problem with the title.

It was discovered that the purchase was a straw purchase by C.W., who never made a payment on the loan.  Respondent represents, and ODC does not dispute, that Respondent was unaware of the straw purchase.  The closing statement for the transaction showed a down payment by C.W. in the amount of $11,598.16.  At the closing, a copy of a $12,000 cashier's check made payable to Superior Closing was shown to Respondent and 1st Choice Mortgage as the source of the down payment.  The cashier's check was never cashed by the bank or otherwise negotiated and the funds were not deposited into Superior Closing's account as represented on the closing statement.  1st Choice Mortgage repaid Wells Fargo Bank over $39,000 to settle its claim.

Respondent signed a Certification Addendum to the HUD-1 Settlement Statement in which he certified that everything on the settlement statement was a true and accurate account of the transaction, when Respondent should have known the representations regarding the cashier's check were untrue.

Respondent and Superior Closing were named as defendants in a lawsuit filed by 1st Choice Mortgage.  Respondent testified at trial and acknowledged he learned after the closing that the settlement statement falsely represented that Superior Closing had received the funds.  Respondent acknowledges that the settlement statement is inaccurate as it incorrectly shows the down payment funds as having been received by Superior Closing.  Respondent represents that the settlement statement was prepared by Superior Closing, and Respondent acknowledges that he failed to properly supervise the preparation of the settlement statement and the disbursement of the proceeds.  On June 19, 2014, a jury rendered a verdict against Respondent for $3,000 in actual damages and against Superior Closing for $3,000 in actual damages, with no punitive damages awarded against either Respondent or Superior Closing.  Following post-trial motions, the circuit court entered a judgment notwithstanding the verdict and revised the judgment for actual damages to $39,739 against Respondent, Superior Closing, and one other defendant associated with Superior Closing.  No punitive damages award was entered against any of those three defendants.  A satisfaction of that judgment as to Respondent and Superior Closing was filed on June 19, 2014.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 4.1 (truthfulness in statements to others); Rule 5.3(c) (lawyer responsible for misconduct of non-lawyer who lawyer supervises); 8.4(d) (conduct involving dishonesty or misrepresentation); and 8.4(e) (conduct prejudicial to the administration of justice).

## Matter B

Respondent represented a client in a domestic matter, and on March 7, 2014, a final decree of divorce was filed. The divorce decree provided that Respondent's client would be responsible for the preparation of a qualified domestic relations order (QDRO) dividing the client's pension plan between the parties with both parties being equally responsible for the costs for the preparation of the QDRO. The order further provided that preparation of the QDRO should begin within thirty days of the date of the decree. Respondent agreed to assist his client with the preparation of the QDRO. After various inquiries from opposing counsel regarding the status of the QDRO, Respondent advised opposing counsel of the cost for preparation and requested payment from the opposing party. Respondent received verification that the opposing party had paid their half of the preparation fee for the QDRO on June 14, 2016. Respondent represents that he began preparation of the QDRO on July 5, 2016. After sending various drafts for approval, the final QDRO was filed with the family court on March 1, 2018.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.3 (diligence) and Rule 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal).

## II.

Respondent admits his conduct constitutes grounds for discipline under Rule 7(a)(1), Rule 413, SCACR (violation of the Rules of Professional Conduct). Respondent further consents to the imposition of a confidential admonition or a public reprimand as set forth in Rule 7(b), RLDE, and agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (Commission). As a condition of discipline, Respondent agrees to complete the Legal Ethics and Practice Program Ethics School within nine months of the imposition of any sanction.

## III.

We find Respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand Respondent.  Within thirty days of the date of this opinion, Respondent shall pay or enter into a reasonable payment plan with the Commission to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.  Within nine months of the date of this opinion, Respondent shall complete the Legal Ethics and Practice Program Ethics School.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**